## Southwark National Bank, Appellant, *v.* Mount Holly National Bank.

*Banks and banking—Unauthorized acts of cashier—Ratification by directors—Findings of fact by court—Trial without jury.*

1. Findings of fact by the court on a trial without a jury, based on competent evidence, have the same weight as the verdict of a jury.

2. Such rule is applicable to findings that a cashier of a national bank had no authority from the directors to enter into a contract

to indemnify another bank from loss through the issuance of letters of credit, and that the directors had never ratified such contract.

Argued December 1, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 282, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1924, No. 4547, for defendant, on case tried by the court without a jury, in suit of Southwark National Bank v. Mount Holly National Bank.   Affirmed.

Assumpsit for breach of contract.   Before FINLETTER, J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*W. S. Furst,* for appellant.

*Walter Lee Sheppard,* with him *Porter, Foulkrod & McCullagh,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

This case arose out of transactions between plaintiff and defendant similar to those existing in Brown Brothers & Co. v. Mt. Holly National Bank, an opinion in which case is filed herewith.   The defense here set up is practically the same as the defense in that case, and the conclusion there reached with respect to the question of the authority of the cashier is equally applicable here and need not be repeated.   We shall refer briefly to additional testimony in the present case, not offered in the Brown Brothers' appeal and relied upon by plaintiff to show that the president of defendant bank and one of its directors had knowledge of the acts of their cashier

in issuing letters of credit and ratified and adopted them by failing to object.

Plaintiff called as a witness the president of the West Indies Importing Company, Dominico Spada, who testified that Walters, defendant's cashier, at one time refused to sign the necessary papers to obtain a letter of credit, alleging the amount stated to be excessive; that the witness, subsequent to his interview with Walters met one of defendant's directors and informed him Walters "didn't want to sign some papers," that the director replied "maybe he didn't understand those things," and that later Walters attached his signature to the papers. It is argued from this testimony that defendant's director was aware of the cashier's doings and acquiesced in his action, and that Walters must have signed the papers as a result of an interview between him and the director. The witness however does not state he informed the director of the character or contents of the papers Walters refused to approve, and the director, when called by defendant as a witness, testified Spada did not refer to the character of papers Walters refused to sign, and that he had no knowledge whatever that Walters was engaged in issuing letters of credit, until after the loss occurred. Another witness for plaintiff, Lewis Silverman, testified, he went to defendant bank with a request for a letter of credit and was introduced to Walters, the cashier, who received the application and took the papers to the president in an inner office, showed them to him, and returned to the outer office and attached his signature. This testimony was positively denied by the president of the bank. There is also evidence by plaintiff, of an indefinite character, of stock deposited by Spada with defendant as collateral for money advanced on letters of credit. The books of the bank show no record of such deposit and the testimony is far from conclusive as to the exact purpose of the deposit of such collateral. On the whole, the credibility of the witnesses as to the transactions referred

to, and the inferences to be drawn from the evidence, were questions of fact, and among the findings of the trial judge are the following:

(a) "Neither the assistant cashier nor the cashier of the defendant was authorized by the defendant, or by its discount committee or board of directors, or otherwise, to enter into any of the transactions involved in the present suit.

(b) "None of the officers, nor any of the directors of the defendant, had any knowledge of the execution of any of the documents above referred to, or of the participation of either the cashier or the assistant cashier in any of the transactions.

(c) "No reference nor entry was made upon the books of the defendant in connection with the issuance of the letters of credit, the drafts, or any payments or receipts of money thereon."

We cannot say these findings are without support in the evidence and they must consequently be given the same weight as the verdict of a jury.

The judgment is affirmed at appellant's costs.

See the preceding case.